1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIE WEAVER,                        No.  2:17-cv-1556 AC P

12                  Plaintiff,

13       v.                               ORDER

14   THAO, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint filed pursuant to

18   42 U.S.C. § 1983.  This action is referred to the undersigned United States Magistrate Judge

19   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

20          Plaintiff has not paid the filing fee or requested leave to proceed in forma pauperis

21   pursuant to 28 U.S.C. § 1915.  Review of court records[1] reveals that plaintiff has been designated

22   a "three-strikes litigant" under 28 U.S.C. § 1915(g).  See e.g. Weaver v. Attorney General, Case

23   No. 2:14-cv-01132 JAM DAD P, ECF Nos. 5 & 7.  This designation reflects that three or more of

24   plaintiff's prior federal lawsuits were dismissed on the grounds that they were frivolous,

25   _____

26   [1]  This court may take judicial notice of its own records and the records of other courts.  See
     United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631
27   F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts
     that are capable of accurate determination by sources whose accuracy cannot reasonably be
28   questioned).

                                              1

malicious, or failed to state a claim upon which relief may be granted.

As a result, plaintiff is precluded from proceeding in forma pauperis in this action unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he filed his complaint.  See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and ongoing, Andrews, 493 F.3d at1056.  Allegations that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  Absent a showing that plaintiff was under imminent danger of serious physical injury at the time he filed his complaint, he may proceed in this action only if he first pays the full filing fee ($400.00).

Plaintiff is currently incarcerated at California State Prison Sacramento (CSP-SAC).  The instant complaint, signed and submitted by plaintiff on July 23, 2017, names the following defendants:  CSP-SAC Correctional Officers Thao and Williams, Third Watch Sergeant (on 7-19-17) and Third Watch Lieutenant (on 7-19-17).  The complaint alleges that plaintiff should be on a single cell status and that correctional officers "cannot take [his] property because of refuseing a celly [sic]."  ECF No. 1 at 3, 4.  Plaintiff avers that he "faces a substantial risk of serious harm and injury here which is imminent at the time of fileing [sic]."  Id. at 3.  Plaintiff contends that defendants "should be reprimanded" and he seeks $3 million compensatory damages and $2 million punitive damages.  Id.

These allegations fail to demonstrate that plaintiff was under imminent danger of serious physical injury when defendant Kendall made the alleged statement.  Therefore, plaintiff must submit the full filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within fourteen (14) days after service of this order, submit the full filing fee of $400.00.  No extensions of time will be granted.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: August 16, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2